## PUMROY *against* LEWIS.

### IN ERROR.

The prothonotary of the Court of Common Pleas, has no power to administer the oath required to obtain a writ of error.

ERROR to the Common Pleas of *Erie county.*

*Babbit* moved to quash the writ of error in this case, because the affidavit was sworn to before the prothonotary of the Common Pleas, who, he insisted, has no power to administer an oath except in special cases, when he derives the power from positive enactment.

*Pearson* and *Barrett, contra,* argued that under the former constitution of the Common Pleas, the prothonotary, being one of the judges, had a general power to administer oaths, which he still retains by virtue of the twelfth section of the act of the 13th April, 1791, *Purd.* 401.

PER CURIAM.—Formerly this officer had a general power to administer judicial oaths by virtue of his office, not of prothonotary,

(Pumroy *v.* Lewis.)

but of judge; but when the two offices came to be separated, the powers incidental to them were also separated, *reddendo singula singulis,* except so far as the contrary was specially provided. But the judicial powers retained by prothonotaries under the provisions of the act of 1791 extend no further than to signing judgments, writs and process; and to taking bail. Had the general power to administer oaths been supposed to be retained of course, it would scarce have been thought necessary to give a power specially limited to the business of the office. But a prothonotary of the Common Pleas has nothing to do with expediting the writs of the Supreme Court; consequently the affidavit to ground a writ of error must be sworn to before the prothonotary of the Supreme Court, or some officer who has a general power to administer oaths.

Writ quashed.